**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUDITH E. MERCHANT,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-01691-Orl-18UAM**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

Plaintiff Judith E. Merchant ["Merchant"] appeals to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] denying Merchant's application for a period of disability and disability insurance benefits. *See* Docket No. 1 (complaint). For the reasons set forth below, it is recommended that the Commissioner's decision be **AFFIRMED**.

**I.**　　**PROCEDURAL HISTORY**

On May 26, 2004, Merchant filed a claim for disability insurance benefits and a period of disability, claiming disability as of October 2, 2003. R. 38-41. On July 19, 2005, the Honorable Ruth K. Kleinfeld, Administrative Law Judge ["ALJ"], held a hearing on Merchant's claim in Manchester, New Hampshire. R. 162-185. Attorney Karen Nesbitt represented Merchant at the hearing. R. 162. The ALJ heard testimony from Merchant and vocational expert Kathleen Regan ("VE").

On March 31, 2006, the ALJ issued a decision that Merchant was not disabled and not entitled to benefits. R. 15-20. Following a review of the medical and other record evidence, the ALJ found that

Merchant could perform her past relevant work as an office nurse/certified nurse assistant. R. 19, Finding 6. The ALJ found that Merchant's past work as an office nurse/certified assistant was within her residual functional capacity. R. 23, Finding 6. The ALJ concluded that Merchant was not disabled. R. 23, Finding 9.

On September 7, 2006, the Appeals Council denied review. R. 7-9. On October 31, 2006, Merchant timely appealed the Appeals Council's decision to the United States District Court. Docket No. 1. On February 9, 2007, Merchant filed in this Court a memorandum of law in support of her appeal. Docket No. 8. On April 9, 2007, the Commissioner filed a memorandum in support of his decision that Merchant was not disabled. Docket No. 9. The appeal is ripe for determination.

## II.    THE PARTIES' POSITIONS

Merchant assigns several errors to the Commissioner. First, Merchant claims there is no competent substantial evidence to support the ALJ's finding that she can perform light work. Second, Merchant claims that the ALJ committed an error of law by failing to secure a physical capacity evaluation addressing her hip condition. Third, Merchant contends the ALJ failed to give proper weight to the opinion of her treating physician when determining residual functioning capacity. Fourth, Merchant argues the ALJ committed reversible error because the ALJ found Merchant lacked credibility. The Commissioner argues that substantial evidence supports his decision and the decision should be affirmed.

**III.    THE STANDARD OF REVIEW**

    **A.         AFFIRMANCE**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

    **B.         REVERSAL**

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). The district court will reverse a

Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *accord, Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636 - 37 (11th Cir. 1984). A claimant may be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

**C.    REMAND**

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. *Jackson*, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); *accord, Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 872, 829 - 30  (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work) (treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, non-competitive, tailor-made work environment).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (ALJ should consider on remand the need for orthopedic evaluation).  After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish:  1.) that there is new, non-cumulative evidence; 2.) that the evidence is material —  relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. *See Jackson*, 99 F.3d at 1090 - 92;  *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Smith v. Bowen*, 792 F.2d 1547, 1550 (11th Cir. 1986); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); *see also*, *Keeton v. Dept. of Health & Human Serv.*, 21 F.3d 1064, 1068 (11th Cir. 1994).

A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. *Jackson*, 99 F.3d at 1095. With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. *Jackson*, 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.[1] *Id.*

## V.  APPLICATION AND ANALYSIS

### A.  THE FACTS

Merchant was born on December 24, 1945, and was 60 years old at the time the ALJ issued her decision. R. 38, 65. She has two years of college with an Associate's Degree, and twenty years of office nursing as a CNA. R. 170, 180. Merchant had hip surgery in 1998. R. 171-8. She stopped working five years later in October of 2003 due to complications with her hip and with her eyesight. R. 171. She and her husband moved to Florida in 2003. R. 176.

On January 22, 2003 optometrist Dr. N. Scott Ferguson treated plaintiff for foggy eyesight and diagnosed plaintiff with bilateral interior uveitis. R.89. Following several visits over the course of the next month, Dr. Ferguson diagnosed Merchant with impaired uveitis, bilateral uveitis, and chronic uveitis. R. 88, 91-95. Merchant's symptoms were documented as foggy and blurry vision, sight disturbance, and sharp eye pains. *Id.* Dr. Ferguson referred Merchant to Dr. Anthony Iorfino, an ophthalmologist. R. 96.

---

[1] The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. *Jackson*, 99 F.3d at 1089, 1095 n.4 and surrounding text. In a sentence-four remand, the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. *Id.* In a sentence-six remand, the time runs from the post-remand entry-of-judgment date in the district court. *Id.* Any Plaintiff intending to seek attorney's fees for past-due benefits under 42 U.S.C. § 406 (b)(1)(A) shall move the Court to include in any remand order an extension of the 14-day period described in Fed. R. Civ. P. 54 (d)(2)(B) so as to specify an extended deadline that follows the Commissioner's determination of Plaintiff's past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F. 3d 1273, 1278 n.2 (11th Cir. 2006).

Dr. Iorfino found Merchant had blurred vision with a buccal mucosal nodule and he diagnosed her with smoldering bilateral iritis with mild macular edema. R. 100. Dr. Iorfino referred Merchant to Dr. Mahler to whom he noted that her iritis and vision had improved. *Id.* Merchant informed Dr. Mahler that her vision was essentially back to normal after applying the prednisone forte eye drops daily, except her left eye still had evidence of inflammation. R. 102. Dr. Mahler noted that Merchant's iritis revealed no evidence of sarcoidosis. R. 103.

On July 10, August 11, September 8, and December 16, 2003, and on July 1, 2004, Dr. Iorfino treated plaintiff for iritis. R.150,151, 152. Scott Fifield completed a physical capacity evaluation on July 16, 2004. R.74. Mr. Fifield diagnosed Merchant with bilateral uveitis and obesity. R.67. Merchant was treated again by Dr. Iorfino on August 13, and September 24, 2004, for iritis. R. 152, 153. On July 7, 2005 physician Dr. Gene Royer completed a physical capacity evaluation. R. 154-57. Dr. Royer was Merchant's treating family physician. R. 178-9. Dr. Royer limited Merchant to occasionally lifting less than 10 pounds and standing less than 2 hours per day, but he acknowledged in his assessment his uncertainty as to her abilities as he had not treated her in two years. R. 154.

Merchant testified that when her iritis flares up, she loses vision for up to two weeks. R.172. She testified to only having four "flare ups" over a two year period. R. 172. She has trouble reading beyond just a few lines before her eyes become sore and foggy. R.181. Merchant also testified she "worked twelve hour days and it really got tiresome." R. 171. The ALJ determined that Merchant exhibited significant limitations from her bilateral uveitis and hip fracture, which is itself complicated by obesity. R. 18. The ALJ determined that Merchant maintained the functional capacity for light work and could return to her past relevant work as an office nurse/certified nurse assistant. R. 19.

**B.      THE ANALYSIS**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his or her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him or her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his or her residual functional capacity, age, education, and past work) prevent him or her from doing other work that exists in the national economy, then claimant is disabled. 20 C.F.R. § 404.1520(f).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588 - 89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A

remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly.  *Vega v. Comm'r*, 265 F.2d 1214, 1219 (11th Cir. 2001).

The claimant has the burden of proving the existence of a disability as defined by the Social Security Act.  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform the claimant's past relevant work.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  In this step, the ALJ assesses the claimant's residual functional capacity ["RFC"].  This assessment measures whether a claimant can perform past relevant work despite his or her impairment.  20 C.F.R. § 404.1520 (f); *see also, Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull.  *See* 20 C.F.R. § 404.1545(b).

The ALJ first considers whether the claimant has the RFC to perform the functional demands and duties of a past job as actually performed by the claimant.  *See* SSR 82-61.  If so, the claimant is not disabled.  If not, the ALJ then considers whether the claimant can perform the functional demands of the job as it is generally performed in the national economy.  SSR  82-61.  In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy.  20 C.F.R. § 404.1567.

      **1.**    **Lack of Medical Evidence that Merchant Can Perform Light Work and Failure to Obtain a Physical Capacity Evaluation on Merchant's Hip Condition**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; *see also, Conley v. Bowmen*, 781 F.2d 143, 146 (8th Cir. 1986).  In

fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (failure to order such an evaluation may be reversible error). Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. 20 C.F.R. § 416.917 (1998).

Merchant argues "there is no competent, substantial evidence to support the ALJ's decision that plaintiff can perform light work because there is no medical evidence in the record showing plaintiff can perform light work." Doc. No. 9 at 5. The ALJ noted in her decision that she considered Merchant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence. R. 18,19. The ALJ also considered opinion evidence in forming her findings. R. 19. The ALJ further noted, "[i]n reaching this conclusion, the undersigned notes, in particular, the sparse treatment record and lack of objective medical evidence supporting the extent of the claimant's alleged functional limitations." *Id.* Additionally, the ALJ's decision reveals "the undersigned finds minimal supporting documentation for the claimant's complaints of hip, back and leg pain resulting from a remote hip fracture." *Id.* Although Dr. Royer provided a retrospective opinion as to Merchant's possible functioning in January 2003, Merchant sought no additional medical treatment for her alleged symptoms during the period under review. *Id.*

The ALJ based her decision on several variables, one being the lack of evidence supporting Merchant's alleged disability. Merchant never sought treatment for the pain she claims to experience from her hip replacement, which took place in 1998, almost ten (10) years ago. Merchant maintained

employment as a certified nurse assistant for five years following the surgery, and she did not seek any treatment or reconstructive procedure to correct or repair her hip complications. Dr. Royer indicated in his medical assessment that Merchant could perform less than sedentary work; however, he submitted this statement on July 7, 2005, and specifically wrote on the first page that the last visit was an "exam for other things" in January 2003, over two years earlier. R. 154. He further noted on his medical assessment "all uncertain now" as to his opinions.

The ALJ determined Merchant could perform light work because there was no evidence to the contrary. The only supportive evidence the ALJ did analyze was the report provided by Dr. Royer, which conveyed that Merchant could perform less than sedentary work. However, Dr. Royer had not examined Merchant in over two years, and his examination was not relevant to her hip condition. The ALJ dismissed this opinion due to the doctor's uncertainty. The ALJ did not rely upon Scott Fifield's assessment; however, his summary of the examination does not mention Merchant's hip condition and how it affected his opinion that Merchant could perform work "requiring the occasional lifting of 20 pounds and frequent lifting of 10 pounds with sitting, standing, and ambulating 6 hours in an 8-hour day." *See* R. 74. The ALJ's decision hinges on the lack of treatment sought by Merchant.

Plaintiff's lack of any attempt to obtain medical care for her hip problem for years suggests that any symptoms she may have had were not as limiting as she claimed. *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that the ALJ properly noted claimant's conservative treatment as evidence to discredit his subjective complaints); *Watson v. Heckler*, 738 F.2d 1169, 1173 (11th Cir. 1984) (finding that the ALJ properly rejected the claimant's subjective complaints of pain because, *inter alia*, the claimant failed to seek medical treatment until after her claim for benefits initially was denied). The ALJ

did not err by failing to order a physical capacity examination or by determining Merchant could perform light work based on the lack of evidence.

### 2.     Failure to Give Proper Weight to Merchant's Treating Physician

Absent the existence of "good cause" to the contrary, the ALJ must give substantial weight to the opinion, diagnosis and medical evidence of a treating physician. *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *Lewis v. Callahan*, 125 F.3d 1436, 1439 - 1441 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); *Sabo v. Comm'r of Social Security*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).

The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements).  Similarly, the ALJ may reject any medical opinion if the evidence supports a contrary finding.  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1986).  Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also, Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1.) length of the treatment relationship and the

frequency of examination; 2.) the nature and extent of the treatment relationship; 3.) the medical evidence supporting the opinion; 4.) consistency with the record a whole; 5.) specialization in the medical issues at issue; 6.) other factors which tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir.1984); *see also,* 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (*see* 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because those ultimate determinations are for the Commissioner.  20 C.F.R. § 404.1527(e).

The ALJ must, however, state with particularity the weight given different medical opinions and the reasons therefore, and the failure to do so is reversible error.  *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  Without the ALJ making the necessary findings, it is impossible for a reviewing court to determine whether the ultimate decision is supported by substantial evidence.  *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985).

The ALJ's decision shows no reliance on Scott Fifield's assessment as it is not mentioned in her decision. *See* R. 15-19.  The ALJ did note Dr. Royer's opinion in her decision; however, she does not afford it great weight because his opinion was based on an examination he performed two years prior.

Furthermore, his examination was not relevant to Merchant's hip condition, and he acknowledged his uncertainty in his report. The ALJ did not err in not affording great weight to Dr. Royer's opinion.

### 3. Merchant's Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote,* 67 F.3d at 1561-62*; Jones v. Dep't of Health & Human Serv.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale v. Bowman,* 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986). As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote,* 67 F.3d at 1561-62*; Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. *See Smallwood v. Schweiker*, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote v. Chater*, 67 F.3d at 1562 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir.1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

The ALJ specifically found Merchant's statements concerning the intensity, duration and limiting affects of these symptoms not credible. The ALJ explained that the sparse treatment in the record and the

lack of objective medical evidence supporting the extent of Merchant's alleged functional limitations supported a finding that Merchant was not entirely credible. The ALJ clearly delineated how she came to this determination in her decision. She explained that the only documentation of treatment with respect to Merchant's vision were periodic optometrist appointments where she was prescribed topical steroids to manage the recurrence of blurry vision. Furthermore, the record indicates Merchant's vision remains unchanged since the onset of her claim. Finally, the ALJ recognized the lack of supporting evidence to correlate with Merchant's alleged hip and leg pain. The ALJ did not err in determining Merchant's lack of credibility.

### VI.     **CONCLUSION**

For the reasons stated above, the Court recommends the decision of the Commissioner be affirmed.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** on November 28, 2007, in Orlando, Florida.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:


The Honorable Kendall A. Sharp
United States District Judge

Robert F. Sprick
Law Office of Robert F. Sprick
P.O. Box 1232
Orlando, FL            32802-1232

Mary Ann Sloan
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

Susan Roark Waldron
Assistant United States Attorney
400 N. Tampa St., Suite 3200
Tampa, FL            33602

The Honorable Ruth K. Kleinfeld
Administrative Law Judge
c/o Social Security Administration
Office of Hearings and Appeals
1750 Elm Street
Suite 303
Manchester, NH 03104